# United States District Court
# District of Massachusetts

ROBERT N. VAFIDES,
      Petitioner,

      v.                      CIVIL ACTION NO. 2013-12813-RBC

COMMONWEALTH OF MASSACHUSETTS,
      Respondent.

## *ORDER, REPORT AND RECOMMENDATION*

COLLINGS, U.S.M.J.

      The petitioner's pleadings in this matter are largely unintelligible, and it is difficult to ascertain precisely how the state court's actions contravened the United States Constitution. A look at the Appeals Court's decision, *Commonwealth v. Vafides,* 71 Mass. App. Ct. 1117, 884 N.E.2d 550 (Table), 2008 WL 901859 (Mass. App. Ct., April 3, 2008), provides some clues since in that court, he claimed, *inter alia,* that the searches of his residence and vehicle were unconstitutional and that there was insufficient evidence at trial to convict

him. However, the Supreme Judicial Court denied review of the Appeals Court's decision on June 5, 2008, so the instant petition appears to be untimely.

More than that, this is a "second or successive petition" governed by Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 9"). Specifically, Judge Zobel denied Vafides' petition for writ of habeas corpus on March 1, 2011. *See Vafides v. Roden,* 2011 WL 796615 (D. Mass., Mar. 1, 2011). That petition attacked the same conviction that Vafides is challenging in the instant case.

Rule 9 provides that such a "second or successive petition" may not be filed unless the petitioner "...obtain[s] an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Since there is no indication in the record that such an order has been obtained from the United States Court of Appeals for the First Circuit, the district court cannot consider this latest petition.

This case was directly drawn to the undersigned. Since there can be no consent in that the respondent has not even been served, it is ORDERED that the case be drawn to a United States District Judge FORTHWITH.

I RECOMMEND that the District Judge to whom the case is assigned

SUMMARILY DISMISS the instant Petition for failure of the petitioner to obtain the necessary Order from the United States Court of Appeals for the First Circuit.

### Review by a District Judge

The petitioner is hereby advised that pursuant to Rule 72, Fed. R. Civ. P., if he objects to this recommendation, he must file a specific written objection with the Clerk of this Court within 14 days of the his receipt of this Order, Report and Recommendation. The written objection or objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The petitioner is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also*

*Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

December 30, 2013.